FILED
January 12, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____ JU
            DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ROBERT LEN WHITE,** § | |
| **TDCJ No. 02127805,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL NO. SA-20-CA-0540-OLG |
| § | |
| **BOBBY LUMPKIN,[1] Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Petitioner Robert Len White's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 13). Petitioner challenges the constitutionality of his 2017 state court conviction for aggravated sexual assault of a child, arguing (1) he received ineffective assistance, (2) he was denied access to forensic test results, (3) he was forced to make a false confession, and (4) the prosecution engaged in misconduct. In his answer, Respondent contends Petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with Respondent that Petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes Petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

---

[1] The previous named Respondent in this action was Lorie Davis. On August 10, 2020, Bobby Lumpkin succeeded Davis as Director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d) of the Federal Rules of Civil Procedure, Lumpkin is automatically substituted as a party.

## I. Background

In April 2017, Petitioner plead guilty to aggravated sexual assault of a child (repeater) and was sentenced to twenty-three years of imprisonment. *State v. White*, No. 2015-CR-10291 (290th Dist. Ct., Bexar Cnty., Tex. Apr. 6, 2017) (ECF No. 14-3 at 312-13). Petitioner's conviction was affirmed on direct appeal and his petition for discretionary review (PDR) was then refused by the Texas Court of Criminal Appeals (TCCA) on November 7, 2018. *White v. State*, No. 04-17-00302-CR (Tex. App.—San Antonio, July 25, 2018, pet. ref'd) (ECF No. 14-17); *White v. State*, No. PD-1005-18 (Tex. Crim. App.). Available records indicate Petitioner has not filed an application for state habeas corpus relief challenging the constitutionality of his state court conviction.[2] Instead, Petitioner filed the instant petition for federal habeas corpus relief on April 20, 2020. (ECF No. 1 at 13).

## II. Timeliness Analysis

Respondent contends Petitioner's federal habeas petition is barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, Petitioner's conviction became final February 5, 2019, ninety days after the TCCA refused his PDR and when the time for filing a petition for writ of certiorari to the United States Supreme Court expired. *See* Sup. Ct. R. 13; *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir.

---

[2] *See* http://www.search.txcourts.gov, search for "White, Robert" last visited January 8, 2021.

1999) ("§ 2244(d)(1)(A) . . . takes into account the time for filing a certiorari petition in determining the finality of a conviction on direct review"). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying conviction and sentence expired a year later on February 5, 2020. Because Petitioner did not file his § 2254 petition until April 20, 2020—well over two months after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to either statutory or equitable tolling.

    1.    <u>Statutory Tolling</u>

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented Petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As discussed previously, Petitioner has not challenged his conviction in a state habeas application, and any attempt to do so now would not alter the deadline because the application would be filed after the expiration of the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after the federal limitations period has expired does not toll the limitations period). Thus, Petitioner's limitations period for filing a federal

petition still expired February 5, 2020. Again, Petitioner did not file his § 2254 petition until April 20, 2020, over two months after the limitations period expired.

    2.    <u>Equitable Tolling</u>

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). However, equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner did not reply to Respondent's assertion of the statute of limitations in this case, nor did his petition provide this Court with any valid reason to equitably toll the limitations period. Instead, his petition only vaguely asserts that he is "new to appealing" and is "mentally retarded" as explanations for his untimeliness. A claim of mental incapacity may, in fact, support equitable tolling if "the mental impairment precluded the prisoner from asserting his legal rights." *Fisher v. Johnson,* 174 F.3d 710, 715-716 (5th Cir. 1999). But to qualify for equitable tolling, a prisoner must provide factual support for the assertion that his mental incompetency prevented him from asserting his legal rights in a timely manner. *See Smith v. Johnson,* 247 F.3d 240 (5th Cir. 2001) (equitable tolling is only appropriate in exceptional circumstances when the prisoner has presented sufficient facts to show that mental illness precluded him from asserting his rights).

Petitioner's bid for equitable tolling clearly falters because he does not even attempt to make this showing. Because Petitioner's bald assertions that he suffered from mental illness are unsupported and unsubstantiated by anything else in the record, they lack probative evidentiary value and do not entitle him to equitable tolling. *Ross v. Estelle,* 694 F.2d 1008, 1011–12 and n. 2 (5th Cir. 1983); *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990). Similarly, Petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process also do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Finally, Petitioner fails to demonstrate that he has been pursuing his rights diligently. Each of Petitioner's allegations concern the constitutionality of his 2017 guilty plea and conviction for aggravated sexual assault of a child. However, Petitioner fails to show that the factual predicate of these claims could not have been discovered and presented at an earlier date, much less explain why he waited so long since the denial of his PDR in November 2018 to raise the instant allegations in either an application for state or federal habeas corpus relief. Because Petitioner failed to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on procedural grounds. *Id.* In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484). In that case, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth above, the Court concludes that jurists of reason would not debate the conclusion that Petitioner was not entitled to federal habeas relief. As such, a COA will not issue.

## IV. Conclusion and Order

After careful consideration, the Court concludes that Petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d). As a result, Petitioner is not entitled to federal habeas corpus relief.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Respondent Bobby Lumpkin's Motion to Dismiss (ECF No. 13), filed August 10, 2020, is **GRANTED**;

2. Federal habeas corpus relief is **DENIED** and Petitioner Robert Len White's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

3. No Certificate of Appealability shall issue in this case; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this the ___12th___ day of January, 2021.

 

**ORLANDO L. GARCIA**
**Chief United States District Judge**